[Cite as *GMAC Mtge., L.L.C. v. Purnell*, 2014-Ohio-940.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| GMAC Mortgage, LLC, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 13AP-551 |
| | | (C.P.C. No. 10CVE-09-13688) |
| Sharon M. Purnell et al., | : | |
| Defendants-Appellants. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on March 13, 2014

*McGlinchey Stafford*, *Rose Marie L. Fiore* and *James S. Wertheim*, for appellee.

*Doucet & Associates, Inc.*, *Andrew J. Gerling* and *Troy J. Doucet*, for appellants.

APPEAL from the Franklin County Court of Common Pleas

CONNOR, J.

{¶ 1} Defendants-appellants, Sharon M. and Kenneth Purnell ("appellants"), appeal from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, GMAC Mortgage, LLC ("GMAC"). For the reasons that follow, we affirm the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On July 13, 2001, appellants executed a promissory note for $134,386 in favor of GMAC, and a first mortgage on the real property located at 5679 Sandlewood Boulevard, Columbus, Ohio, as security for the borrowed sum.[1] When appellants defaulted on payment, GMAC commenced a foreclosure action in the Franklin County

---

[1] Co-borrower, Gay Watkins, died On December 1, 2003.

Court of Common Pleas on September 17, 2010. Therein, GMAC sought judgment on the note in the amount of $117,725.41, plus interest and costs.

{¶ 3} In its original scheduling order, the trial court set a dispositive motion deadline of June 24, 2011, and a discovery cut-off date of July 8, 2011. At appellants' request, the trial court referred the parties to mediation on October 8, 2010. On April 12, 2012, when the parties failed to agree upon a loan modification, the mediator referred the case back to the trial court. Appellants, who had not been represented by legal counsel to that point, retained counsel and filed their answer to the complaint on May 7, 2012.

{¶ 4} The trial court, on February 22, 2012, issued an order rescheduling trial for July 16, 2012, but did not extend either the discovery cut-off date or the dispositive motion date. On May 14, 2012, GMAC filed a motion for leave to file a motion for summary judgment instanter. The trial court granted the motion for leave on May 15, 2012. On May 22, 2012, appellants moved the court, pursuant to Civ.R. 56(F), to refuse the application for judgment or, in the alternative, order a continuance to permit discovery. Appellants filed the affidavit of appellant, Sharon M. Purnell, in support of their motion.

{¶ 5} On June 12, 2012, the trial court issued an order staying further proceedings due to GMAC's pending bankruptcy petition. After the stay had been in effect for nearly one year, GMAC moved the court to vacate the stay as improvidently granted. On May 8, 2013, the trial court granted GMAC's motion and reactivated the case.

{¶ 6} On June 5, 2013, the trial court issued its judgment entry and decree in foreclosure. Therein, the trial court granted GMAC's motion for summary judgment without expressly ruling on appellants' motion for a continuance. Appellants filed a notice of appeal to this court on June 24, 2013.

## II. ASSIGNMENTS OF ERROR

{¶ 7} Appellants appeal from the judgment of the Franklin County Court of Common Pleas, assigning the following as error:

> I. The trial court abused its discretion when it denied the Purnells Civ.R. 56(F) Motion.
>
> II. The trial court abused its discretion when it granted GMAC leave to move for summary judgment.

**III. STANDARD OF REVIEW**

{¶ 8}  Ordinarily, appellate review of summary judgment motions is de novo. *Helton v. Scioto Cty. Bd. of Commrs.*, 123 Ohio App.3d 158, 162 (4th Dist.1997).  In other words, "[w]hen reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." *Mergenthal v. Star Bank Corp.*, 122 Ohio App.3d 100, 103 (12th Dist.1997).

{¶ 9}  However, in this instance, neither of appellants' assignments of error addresses the trial court's ruling upon the merits of GMAC's motion for summary judgment.  Rather, appellants claim that the trial court erred by granting GMAC's motion for leave to file a motion for summary judgment, denying their motion for continuance, and prematurely ruling upon the merits of GMAC's motion for summary judgment. Accordingly, we will review each of appellants' assignments of error pursuant to an abuse of discretion standard.  *See Perpetual Fed. Sav. Bank v. TDS2 Property Mgt., LLC,* 10th Dist. No. 09AP-285, 2009-Ohio-6774, ¶ 11 (A trial court's denial of a Civ.R. 56(F) motion will not be reversed absent an abuse of discretion); *LeFever v. State*, 10th Dist. No. 12AP-1034, 2013-Ohio-4606, ¶ 36 (A trial court's decision granting a party leave to file a summary judgment motion after the case has been set for trial will not be disturbed on appeal absent an abuse of discretion).

{¶ 10}  "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).  "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary."  *In re C.C.M.,* 10th Dist. No. 12AP-90, 2012-Ohio-5037, ¶ 5, citing *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990).  "A decision is unreasonable if there is no sound reasoning process that would support that decision."  *Id.*  "It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result."  *Id.*

**IV. LEGAL ANALYSIS**

{¶ 11} In their first assignment of error, appellants argue that the trial court abused its discretion by denying their motion for a continuance. Civ.R. 56(F) states, in relevant part:

> Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

{¶ 12} Civ.R. 56(F) is discretionary, not mandatory. *TDS2 Property Mgt.*, citing *ABN AMRO Mtge. Group, Inc. v. Roush*, 10th Dist. No. 04AP-457, 2005-Ohio-1763, ¶ 23; *Martinez v. Yoho's Fast Food Equip.,* 10th Dist. No. 02AP-79, 2002-Ohio-6756, ¶ 14. We will not reverse a trial court's denial of a Civ.R. 56(F) motion absent an abuse of discretion. *Id.* at ¶ 11, citing *Roush* at ¶ 23. Although the trial court in this case granted summary judgment in favor of GMAC without expressly ruling on the pending Civ.R. 56(F) motion, we presume that the trial court denied the motion. *See TDS2 Property Mgt.* at ¶ 9.

{¶ 13} Under Civ.R. 56(F), the party seeking a continuance must submit an affidavit stating sufficient reasons why the party cannot present facts essential to justify the party's opposition to the summary judgment motion. *TDS2 Property Mgt.* at ¶ 13; *Roush* at ¶ 22. "Simply requesting a continuance in order to conduct discovery is not a sufficient explanation for why a party cannot present affidavits in opposition to the motion for summary judgment." *Id. See also Deutsche Bank Natl. Trust Co. v. Germano,* 11th Dist. No. 2012-P-0024, 2012-Ohio-5833 (Trial court did not abuse its discretion by denying mortgagor's Civ.R. 56(F) motion where mortgagor failed to explain how discovery would have aided in the defense of the foreclosure action).

{¶ 14} In their Civ.R. 56(F) motion, appellants claim that they need additional time to conduct discovery in order to "properly support their affirmative defenses," and to "obtain and affidavit sufficient to oppose Plaintiff's Motion for Summary Judgment." In her affidavit in support, appellant, Sharon Purnell, avers in relevant part:

> 3. I entered into mediation with Plaintiff in October 2010.
>
> 4. During the mediation process, I complied in good faith with Plaintiff's requests for documents.

5. I submitted documentation to Plaintiff in November 2010, February 2011, March 2011, May 2011, June 2011, and August 2011.

6. In addition to mediating the case, I have been in constant contact with my attorney attempting to resolve this case. At no point have I neglected this matter.

7. Once this matter was removed from mediation and the stay lifted, my attorney timely filed an answer in this case.

8. I have not had an opportunity, through counsel, to conduct discovery to obtain the evidence required to present my affirmative defenses.

9. I require additional time to conduct discovery to properly oppose Plaintiff's motion for summary judgment.

{¶ 15} Appellants' bare bones motion provides no explanation for appellants complete failure to conduct discovery in this matter nor does it specify the discovery needed by appellants in order to "properly support their affirmative defenses," and to "obtain an affidavit sufficient to oppose" GMAC's motion for summary judgment. Additionally, in the affidavit in support, Sharon Purnell neither identifies any particular defense appellants plan to develop nor does she explain why appellants now need discovery; she does not claim that GMAC refused to provide appellants with pertinent information or that they have been obstructed in their efforts to obtain evidence or affidavits. In fact, she acknowledges that appellants are in possession of relevant records but she provided no explanation why such records are inadequate. In sum, Sharon Purnell's affidavit establishes only that appellants were diligent in the mediation process; there is no explanation for the lack of diligence with regard to discovery.

{¶ 16} Appellants had more than enough time in this case to conduct discovery. When the trial court ruled upon GMAC's motion for summary judgment on June 5, 2013, the case had been pending for more than two and one-half years. Although the trial court did not permit the filing of dispositive motions while the mediation was being conducted, discovery was not stayed during such time. Yet, appellants never served GMAC with a single discovery request. Thus, the record shows that appellants simply chose not to conduct discovery.

{¶ 17} Moreover, even if we were to agree that appellants' decision to mediate the case, without counsel, somehow excused their complete failure to initiate discovery, the record establishes that appellants retained legal counsel more than one year before the trial court granted GMAC's motion for summary judgment.[2]  Appellants' newly hired counsel filed an answer on appellants' behalf, but did not seek discovery from GMAC by leave of court or otherwise.  In fact, the first time appellants sought an order regarding discovery was when they filed their Civ.R. 56(F) motion on May 22, 2012.

{¶ 18} In short, the record does not reveal an abuse of discretion by the trial court in denying appellants' Civ.R. 56(F) motion.  Accordingly, appellants' first assignment of error is overruled.

{¶ 19} In their second assignment of error, appellants claim that the trial court abused its discretion by granting GMAC's motion for leave to file a motion for summary judgment.  Appellants argue that the trial court's ruling was unreasonable, arbitrary and capricious as evidenced by the fact that its entry expresses no reasoning.  We disagree.

{¶ 20} Pursuant to Civ.R. 56(A), "[i]f the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court."  As noted above, the trial court prohibited the filing of dispositive motions during the mediation process and, by the time mediation had concluded, the original dispositive motion deadline had passed.  The trial court also stayed appellants answer date during mediation.  GMAC filed its motion for leave within a month after the mediator referred the case back to the trial court, and within one week after appellants filed their answer to the complaint.

{¶ 21} There was no delay in the proceedings attributable to the motion for leave and any prejudice to appellants as a result of the trial court ruling was not unfair prejudice given appellants' lack of diligence in preparing their defense.  We will not presume that the trial court acted unreasonably simply because it failed to express its reasoning in its entry granting leave; particularly where the soundness of the trial court's ruling is apparent in the record.  *See Paramount Supply Co. v. Sherlin Corp.*, 16 Ohio App.3d 176, 179 (8th Dist.1984) (Party complaining that the trial court erroneously granted leave to file a summary judgment motion must demonstrate that the trial court ruling was

---

[2] The trial court order referring the case to mediation included a "Notice" to the pro se litigant wherein the court notes that such a litigant is at a "distinct disadvantage" without the aide of legal counsel and that such a litigant should expect no "special consideration merely because you are not represented by counsel." (Oct. 6, 2010 Entry.)

unreasonable, arbitrary or capricious).  Here, the record shows that the trial court was justified in granting leave.  Appellants' second assignment of error is overruled.

## V.  CONCLUSION

{¶ 22} Based upon the foregoing, we hold that the trial court did not abuse its discretion either by granting GMAC's motion for leave to file a motion for summary judgment, or in denying appellants' Civ.R. 56(F) motion.  As noted above, appellants do not otherwise challenge the trial court's ruling upon the merits of GMAC's motion for summary judgment.  Accordingly, we hold that the trial court did not err in granting GMAC's motion and entering judgment in favor of GMAC.

{¶ 23}     Having overruled appellants' assignments of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, P.J., and TYACK, J., concur.

————————————————