[Cite as *Hodge v. Prater*, 2014-Ohio-3152.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Derrick Hodge, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 13AP-838 |
| v. | : | (C.P.C. No. 12CV-9318) |
| John Prater, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on July 17, 2014

*Moore & Yaklevich*, and *John A. Yaklevich*, for appellee.

*Leo P. Ross*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

CONNOR, J.

{¶ 1} Defendant-appellant, John Prater, appeals from a judgment of the Franklin County Court of Common Pleas granting plaintiff-appellee, Derrick Hodge's motion for summary judgment. For the reasons that follow, we affirm the judgment of the trial court.

**A. Facts and Procedural History**

{¶ 2} In 2013, appellant's real property located at 1712 Columbus Street, sustained significant fire damage. Appellee is in the business of building construction. On August 12, 2013, the parties executed a memorandum of understanding ("contract") whereby appellee agreed to represent appellant in the negotiations with appellant's insurance carrier and to perform the repair and restoration work, if necessary.

{¶ 3} Appellant acknowledges that appellee successfully negotiated a settlement with his insurance carrier in the total amount of $83,140.77. However, appellant elected

not to repair the property. When appellee demanded payment for his representation of appellant, appellant refused to pay. Appellee subsequently brought suit against appellant in the Franklin County Court of Common Pleas alleging breach of contract.

{¶ 4} On January 9, 2013, appellee filed a motion for summary judgment, pursuant to Civ.R. 56(A), both as to liability and damages. On January 15, 2013, appellant filed a combined memorandum in opposition to appellee's motion for summary judgment, and a Civ.R. 56(F) motion seeking a continuance of the hearing on appellee's motion for summary judgment. On March 15, 2013, appellant filed a motion for summary judgment pursuant to Civ.R. 56(B). Therein, appellant asserts that appellee admitted the truth of the matters raised in his request for admissions by failing to answer or object.

{¶ 5} On August 30, 2013, the trial court issued a decision and entry denying appellant's motion for a continuance, denying appellant's motion for summary judgment, granting appellee's motion for summary judgment, and entering judgment for appellee in the amount of $20,785.19. Appellant timely appealed to this court.

## B. Assignments of Error

{¶ 6} Appellant assigns the following as errors on appeal:

> 1. The trial Court erred in granting summary judgment for Appellee Hodge by finding that no ambiguity existed in the parties' memorandum of understanding concerning the meaning of "Total Amount of the Settlement" and "Price Agreeable."
>
> 2. The trial Court erred in not deferring a ruling upon or denying Appellee's motion for summary judgment until Appellee responded to Appellant's written discovery requests.

## C. Standard of Review

{¶ 7} Summary judgment is proper only when the party moving for summary judgment demonstrates that: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in that party's favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997). When a motion for summary judgment is

properly made and supported by a party seeking affirmative relief, the non-moving party may not rest upon the mere denials of the pleadings. *Regions Bank v. Seimer*, 10th Dist. No. 13AP-542, 2014-Ohio-95, ¶ 11, citing *Todd Dev. Co., Inc. v. Morgan,* 116 Ohio St.3d 461, 2008-Ohio-87, ¶ 11. Instead, the burden shifts to the defending party to set forth specific facts showing that there is a genuine issue for trial. *Id.*

{¶ 8} Appellate review of summary judgment motions is de novo. *Id.,* citing, *Helton v. Scioto Cty. Bd. of Commrs.*, 123 Ohio App.3d 158, 162 (4th Dist.1997). " 'When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court.' " *Nationwide Mut. Ins. Co. v. Pinnacle Baking Co., Inc.*, 10th Dist. No. 13AP-485, 2014-Ohio-1257, quoting *Mergenthal v. Star Bank Corp.,* 122 Ohio App.3d 100, 103 (12th Dist.1997).

**D. Legal Analysis**

{¶ 9} In the first assignment of error, appellant argues that the trial court erred when it granted appellee's motion for summary judgment inasmuch as the contract contains an ambiguity which cannot be resolved as a matter of law. We disagree.

{¶ 10} The construction of a written contract is a matter of law for a trial court. *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241 (1978), paragraph one of the syllabus. "Because the 'interpretation of written contracts, including any assessment as to whether a contract is ambiguous, is a question of law,' it is subject to de novo review on appeal." *Sauer v. Crews,* 10th Dist. No. 12AP-320, 2012-Ohio-6257, ¶ 11, quoting *State v. Fed. Ins. Co.*, 10th Dist. No. 04AP-1350, 2005-Ohio-6807, ¶ 22. The objective of any judicial examination of a written instrument is to ascertain and give effect to the intent of the parties. *N. Coast Premier Soccer, L.L.C. v. Ohio Dept. of Transp.*, 10th Dist. No. 12AP-589, 2013-Ohio-1677, ¶ 13; *Aultman Hosp. Assn. v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 53 (1989). " 'The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement.' " *Id.*, quoting *Kelly v. Med. Life Ins. Co.*, 31 Ohio St.3d 130 (1987), paragraph one of the syllabus.

{¶ 11} The contract provides in relevant part as follows:

> III. Representation
> The Owner hereby grants the Construction Manager to represent the Owner for the purpose of medi[ating] with the Owner(s) Insurance Company pursuant to the damage claim

to the Property. It is further understood and agreed that the Owner hereby authorizes the Insurance Co. or Mortgage Company receiving a copy of this agreement to recognize the Construction Manager, as a party of interest with regards to any and all insurance drafts issued. *The Owner agrees to pay the Construction Manager twenty-five percent of all sums recovered from the total amount of the settlement.*

IV. Repair Authorization
When the "price agreeable" has been determined by the Construction Manager and Insurance Co., it shall become the final contract price and the owner authorizes the Construction Manager to obtain labor and material in accordance with the "price agreement" and upon the Terms and Conditions to accomplish the restoration of loss to the Property. The Construction Manager is to perform the work according to Insurance Co. pricing and approved supplements.

* * *

ARTICLE 3.  THE CONTRACT PRICE

* * *

Article 3.2  The Owner and the CM acknowledge that the Owner will pay the full replacement cost upon the signing of this contract and before restoration begins as a deposit and part of the purchase price of the restoration project. CM upon completion will submit a Certificate of Substantial Completion to Insurance Co. for payment demand of recoverable depreciation.

(Emphasis added.)

{¶ 12} Appellant first contends that the meaning of "price agreeable" in Section IV of the contract, and "contract price" in Article 3, is unclear and ambiguous. Appellee counters that the outcome of this dispute rests entirely upon the language of Section III of the contract, and that Section IV and Article 3 have no application to the undisputed facts of this case. We agree with appellee.

{¶ 13} It is not disputed that appellant had the right to collect insurance proceeds without the corresponding obligation to repair the premises. The contract at issue calls for

one method of compensating appellee if appellant chooses not to repair the premises and another method of payment to appellee if appellant chooses to make the repairs. Section III of the contract entitled "Representation" dictates appellee's compensation in the event that appellant chooses to forego the repairs. In that event, appellant agrees to compensate appellee for his services in "medi[ating] the damage claim" in an amount equal to "twenty-five percent of all sums recovered from the total amount of the settlement."

{¶ 14} On the other hand, if appellant chooses to make the repairs, Section IV of the contract entitled "Repair Authorization" obligates appellant to compensate appellee in the manner specified in Article 3. It is clear from the language used by the parties that section IV applies only if appellant chooses to repair the premises. Indeed, Section IV expressly requires appellant to "obtain labor and material," "accomplish restoration," and "perform work." Appellee has no authority to undertake such tasks if appellant chooses not to make the repairs. Similarly, the language in Article 3 assumes that appellee will begin a "restoration project" and that he will "submit a Certificate of Completion." Appellee cannot begin, let alone complete, a restoration project unless appellant chooses to restore the premises.

{¶ 15} Appellant attempts to muddy the waters by claiming that the "total settlement amount" under Section III cannot be determined unless the "price agreeable" and the "contract price" are first determined. Appellant's interpretation of the contract is not reasonable. As noted above, appellant had the right to collect insurance proceeds without the corresponding obligation to repair the premises. Consistent with this fact, the parties use the term "total settlement amount" only in the context of appellee's "representation," and they use the terms "price agreeable" and "contract price" only in the context of repair and restoration. Thus, it is evident from the language chosen by the parties that "total settlement amount" under Section III is not a function either of the "price agreeable" or the "contract price." It is equally clear that where appellant chooses not to repair the premises, there is no need to determine the "price agreeable" and "contract price."

{¶ 16} To the extent that appellant claims that extrinsic evidence is needed in order to determine the intended meaning of the term "total settlement amount," we note that the parol evidence rule presents a complete bar to such evidence in this case. The parol

evidence rule is a rule of substantive law developed centuries ago to protect the integrity of written contracts. *Ed Schory & Sons, Inc. v. Soc. Natl. Bank*, 75 Ohio St.3d 433, 440 (1996). Pursuant to this rule, " 'absent fraud, mistake or other invalidating cause, the parties' final written integration of their agreement may not be varied, contradicted or supplemented by evidence of prior or contemporaneous oral agreements, or prior written agreements.' " *Galmish v. Cicchini,* 90 Ohio St.3d 22, 27 (2000), quoting 11 Williston on Contracts, Section 33:4, at 569-70 (4th Ed.1999).

{¶ 17} In our opinion, the intended meaning of "total settlement amount" is perfectly clear from the overall content of the document without the need for further explanation or embellishment. There is no claim of fraud, mistake or other invalidating cause. Simply stated, the "total settlement amount" is the sum of money appellant's insurer agrees to pay appellant in settlement of the damage claim. Under Section III appellant agrees to pay appellee "twenty-five percent of all sums recovered from the total amount of the settlement." As the trial court stated, the "total settlement amount" in this case is $83,140.77, which means that appellee is entitled to 25 percent of that sum, or $20,785.19, as compensation for his representation of appellant.

{¶ 18} While appellant may believe that $20,785.19 is excessive compensation under the circumstances, there is no question that he agreed to pay that sum to appellee for his efforts in obtaining an insurance settlement.  Moreover, as the trial court noted, appellee's affidavit and the documents attached thereto, itemize the tasks appellee performed on appellant's behalf and the services appellee rendered to appellant in connection with the processing of his damage claim.  Appellant does not deny that appellee performed the tasks and rendered the services necessary to obtain a settlement of his insurance claim, nor does he claim that the negotiated settlement is inadequate. This court will not rewrite the contract simply to relieve appellant of what he perceives as a bad bargain. *See Impressions Bldg., LLC v. Heart Specialists of Ohio, Inc.,* 10th Dist. No. 06AP-275, 2006-Ohio-4719, ¶ 9, citing *Ervin v. Garner,* 25 Ohio St.2d 231, 239-40 (1971).

{¶ 19} In the opinion of this court, the only reasonable conclusion one can draw from the evidence is that appellant breached the contract by failing to pay appellee 25 percent of all sums recovered from the total amount of the settlement, and that appellee is

entitled to judgment as a matter of law in the total amount of $20,785.19. Accordingly, we hold that the trial court did not err when it granted a summary judgment in appellee's favor. Appellant's first assignment of error is overruled.

{¶ 20} In his second assignment of error, appellant contends that the trial court committed reversible error when it ruled on appellee's motion for summary judgment before appellee responded to appellant's outstanding discovery requests. We disagree.

{¶ 21} Pursuant to Civ.R. 56(F) "[s]hould it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just." We will not reverse a trial court's denial of a Civ.R. 56(F) motion absent an abuse of discretion. *GMAC Mtge., L.L.C. v. Purnell*, 10th Dist. No. 13AP-551, 2014-Ohio-940, citing *Perpetual Fed. Sav. Bank v. TDS2 Property Mgt., LLC,* 10th Dist. No. 09AP-285, 2009-Ohio-6774,¶ 11.

{¶ 22} As noted above, the trial court denied appellant's motion for a continuance and granted appellee's motion for summary judgment before appellee had responded to the outstanding request for admissions, request for production of documents, and interrogatories. The trial court did, however, find that appellee admitted the truth of the matters raised in appellant's request for admissions.

{¶ 23} The trial court concluded that the matters admitted by appellee were immaterial to the dispute because they relate to terms and conditions of the contract that apply only if appellant repairs the premises. A review of appellant's request for admissions leads this court to the same conclusion. Indeed, the entire "Terms and Conditions" portion of the parties' contract, about which appellant inquires in his request for admissions, applies only where the parties undertake the restoration project. Similarly, with regard to the unanswered interrogatories and document requests, appellant asserts that "[t]hese discovery requests inquired concerning the meaning of certain contract terms." (Appellant's Reply Brief, 4.) To the extent that appellant argues that evidence sought in discovery would have shed light on the meaning of the term "total settlement amount," we have found that the intended meaning of that term is both clear and unambiguous on the face of the contract. Under Ohio law, "[i]f no ambiguity appears

on the face of the instrument, parol evidence cannot be considered in an effort to demonstrate such an ambiguity." *Shifrin v. Forest City Ents., Inc.,* 64 Ohio St.3d 635, 638 (1992), citing *Stony's Trucking Co. v. Pub. Util. Comm.,* 32 Ohio St.2d 139, 142 (1972). We have also determined that the intended meaning of "contract price" and "price agreeable" is immaterial to the disposition of this case given the undisputed fact that appellant chose not to repair the premises.

{¶ 24} In short, even if the trial court had continued the hearing on appellee's motion for summary judgment until appellant obtained the evidence he sought in discovery, such evidence was either barred by the parol evidence rule or it was inadmissible due to the lack of relevance. Under the circumstances, the trial court did not abuse its discretion by denying appellant's motion to continue the hearing on appellee's motion for summary judgment. Appellant's second assignment of error is overruled.

**E. Conclusion**

{¶ 25} The only reasonable conclusion one can draw from the evidence is that appellant breached the contract by failing to pay appellee for his representation and that appellee is entitled to judgment as a matter of law. Accordingly, we hold that the trial court did not err when it granted a summary judgment in appellee's favor. Having overruled each of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, P.J. and BROWN, J. concur.

———————————