[Cite as *U.S. Bank Natl. Assn. v. Keefer*, 2014-Ohio-4759.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

|  |  |  |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, | : | CASE NO.  CA2013-09-032 |
|  | : |  |
| Plaintiff-Appellee, | : | O P I N I O N |
|  | : | 10/27/2014 |
| - vs - | : |  |
|  | : |  |
| MELISSA K. KEEFER, et al., | : |  |
|  | : |  |
| Defendants-Appellants. | : |  |

CIVIL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CV20110252

Carpenter, Lipps & Leland, David A. Wallace and Amberle Houghton, 280 North High Street, Suite 1300, Columbus, Ohio 43215, for plaintiff-appellee

Melissa K. Keefer and Daymond Keefer, 503 Harrington Drive, Plain City, Ohio 43064, defendants-appellants, pro se

**S. POWELL, J.**

{¶ 1}  Defendants-appellants, Melissa K. Keefer and Daymond Keefer, appeal pro se following a decision of the Madison County Court of Common Pleas granting summary judgment to plaintiff-appellee, U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, N.A., as Trustee, as successor by merger to LaSalle Bank

National Association, as Indenture Trustee for the holders of the Accredited Mortgage Loan Trust 2005-3 Asset (U.S. Bank), in its action for foreclosure. For the reasons outlined below, we affirm.

{¶ 2} On September 1, 2011, U.S. Bank filed a complaint seeking to foreclose on the Keefers' property located at 503 Harrington Drive, Plain City, Madison County, Ohio, attaching a copy of the original note and mortgage. The Keefers filed their answer to U.S. Bank's complaint October 4, 2011. As part of their answer, the Keefers notified the trial court of "their intention to take full advantage of Court-afforded time to pursue Discovery of [U.S. Bank] vigorously" through the use of interrogatories, requests for production of documents, requests for admissions, and depositions. According to their answer, the Keefers expected to complete their discovery in this matter within six months.

{¶ 3} That same day, the Keefers also filed a request for foreclosure mediation, which the trial court granted on October 6, 2011. Mediation was subsequently scheduled to begin on November 18, 2011, where the case remained until it was referred out of mediation after approximately 18 months on April 12, 2013. During this time, U.S. Bank served a number of discovery requests on the Keefers, which included interrogatories, requests for production of documents, and requests for admissions, to which the Keefers never responded. Although previously notifying the trial court of their intent to pursue discovery "vigorously," it is undisputed the Keefers never served U.S. Bank with any discovery requests during mediation, or at any other time thereafter. The Keefers also did not file any requests with the trial court to compel discovery from U.S. Bank.

{¶ 4} On July 29, 2013, U.S. Bank filed a motion for summary judgment with attached affidavit and exhibits in support. Just as with U.S. Bank's discovery requests, the Keefers did not provide any response to U.S. Bank's summary judgment motion. Therefore, on September 18, 2013, the trial court granted judgment in favor of U.S. Bank and entered a

decree in foreclosure. The Keefers now appeal following the trial court's decision granting judgment to U.S. Bank, raising one assignment of error for review.

{¶ 5} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS-APPELLANT IN REFUSING TO ALLOW DEFENDANTS TO PURSUE DISCOVERY OF PLAINTIFF AT ALL TIMES RELEVANT TO THE CASE, DURING THE PENDENCY OF THE CASE.

{¶ 6} At the outset, we note that parties who appear "pro se are held to the same standard as litigants who are represented by counsel." *Jones v. Nichols*, 12th Dist. Warren No. CA2012-02-009, 2012-Ohio-4344, ¶ 23, citing *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas*, 123 Ohio St.3d 124, 2009-Ohio-4688, ¶ 1. In turn, "a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound." *Fikri v. Best Buy, Inc.*, 12th Dist. Warren No. CA2013-06-051, 2013-Ohio-4869, ¶ 11, quoting *Murphy-Kesling v. Kesling*, 9th Dist. Summit No. 24176, 2009-Ohio-2560, ¶ 13. Simply stated, "[p]ro se litigants are not to be accorded greater rights and must accept the results of their own mistakes and errors, including those related to correct legal procedure." *Cox v. Zimmerman*, 12th Dist. Clermont No. CA2011-03-022, 2012-Ohio-226, ¶ 21.

{¶ 7} That said, in their single assignment of error, the Keefers do not argue the trial court erred by granting summary judgment to U.S. Bank. Rather, the Keefers merely argue the trial court erred by denying them the ability to conduct discovery prior to the trial court issuing its summary judgment decision and decree of foreclosure in U.S. Bank's favor. Specifically, the Keefers claim the trial court "refused either directly or indirectly to allow [them] such opportunity to propound Discovery upon [U.S. Bank] and proceeded to adjudicate the Case without the benefit of the information which could have been obtained by way of extensive Discovery." We disagree.

{¶ 8} The Rules of Civil Procedure allow parties to conduct discovery immediately "after the commencement of the action." *Fifth Third Mtge. Co. v. Bell*, 12th Dist. Madison No. CA2013-02-003, 2013-Ohio-3678, ¶ 44, citing Civ.R. 33 and 34. However, as the record reveals, the Keefers never attempted to conduct any discovery by serving U.S. Bank with interrogatories, document requests, requests for admissions, or deposition notices at any time. Nor did the Keefers ever file any motions to compel discovery from U.S. Bank. As this case was pending for over two years, the Keefers had ample time and opportunity to conduct discovery, yet simply chose not to do so. The fact that this matter was initially referred to mediation does not impact our finding in any way. *See, e.g., GMAC Mtge., L.L.C. v. Purnell*, 10th Dist. Franklin No. 13AP-551, 2014-Ohio-940, ¶ 16 (finding appellant had more than enough time to conduct discovery during the two and one-half years the case was pending where discovery was not stayed during mediation). Therefore, after a thorough review of the record, we find no merit to the Keefers' claim the trial court somehow denied them the ability to conduct discovery in this matter at any time. Accordingly, the Keefers' sole assignment of error lacks merit and is overruled.

{¶ 9} Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.