[Cite as *Sparks v. Sparks*, 2016-Ohio-2896.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| SHAWN ROBERT SPARKS, | : | CASE NO. CA2015-10-095 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>5/9/2016 |
| - vs - | : | |
| | : | |
| CHRISTINE COLLEEN SPARKS, | : | |
| Defendant-Appellant. | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 07DR31588

John D. Smith, Andrew P. Meier, 140 North Main Street, Suite B, Springboro, Ohio 45066, for plaintiff-appellee

Christine Colleen Sparks, P.O. Box 181642, Fairfield, Ohio 45018-1642, defendant-appellant, pro se

**S. POWELL, J.**

{¶ 1} Defendant-appellant, Christine Colleen Sparks ("Mother"), appeals pro se from the decision of the Warren County Court of Common Pleas, Domestic Relations Division, finding her in contempt and suspending her parenting time with two of her children from her marriage to plaintiff-appellee, Shawn Robert Sparks ("Father"). For the reasons outlined below, we affirm.

{¶ 2} Mother and Father were divorced on December 8, 2008. Pursuant to their divorce decree, Father was designated residential parent and granted legal custody of their children, whereas Mother was awarded parenting time. However, Mother's parenting time was "expressly conditioned upon no direct or indirect contact with one Michael W. Ballard, aka Chief Wanbli with any of the parties' minor children." According to Father, this condition was put in place because Ballard "began exerting an undue influence" on Mother, and because Ballard "has a criminal record for stalking and menacing and has spent time in jail for such behavior and I did not want my children exposed to that kind of element."

{¶ 3} On January 21, 2015, Father filed a motion for contempt alleging Mother had violated the terms of their divorce decree by repeatedly allowing the parties' two minor children to have contact with Ballard. Thereafter, on February 24, 2015, Father also filed a motion to suspend Mother's parenting time after one of the children alleged she had been sexually abused by Ballard. In response, Mother filed her own motion for contempt against Father claiming Father had improperly denied her parenting time, had failed to permit her reasonable telephone contact with the children, and had not provided her with the children's progress reports or report cards.

{¶ 4} On July 13, 2015, after a number of delays and continuances, a magistrate held a hearing on the matter. Following this hearing, the magistrate issued a decision denying Mother's motion for contempt, granting Father's motion for contempt, and suspending Mother's parenting time. In so holding, the magistrate specifically found Mother's testimony that Ballard had not been present during her parenting time with the two minor children was not credible. The magistrate further found that suspending her parenting time was necessary to protect the children. Mother then filed objections to the magistrate's decision, which the trial court denied.

{¶ 5} Mother now appeals from the trial court's decision denying her objections to the

magistrate's decision. However, just as she has done in her previous appeals to this court, Mother has once again failed to articulate any specific assignments of error for our review as required by App.R. 16(A)(3) and Loc.R. 11(A)(2).[1] Nevertheless, as part of her lengthy and oftentimes confusing argument, Mother avers to several perceived "errors" with the trial court's decision. Each of these so-called "errors" will be addressed more fully below.

## Pro Se Litigants

{¶ 6} Prior to addressing Mother's alleged "errors," we find it necessary to reiterate the fact that parties who appear "pro se are held to the same standard as litigants who are represented by counsel." *Jones v. Nichols*, 12th Dist. Warren No. CA2012-02-009, 2012-Ohio-4344, ¶ 23, citing *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas*, 123 Ohio St.3d 124, 2009-Ohio-4688, ¶ 1. As a result, pro se litigants are presumed to have knowledge of the law and correct legal procedures so that he or she remains subject to the same rules and procedures to which represented litigants are bound. *U.S. Bank Natl. Assn. v. Keefer*, 12th Dist. Madison No. CA2013-09-032, 2014-Ohio-4759, ¶ 6. In other words, contrary to Mother's claim that "a licensed attorney is held to a higher standard" than someone appearing pro se, "[p]ro se litigants are not to be accorded greater rights and must accept the results of their own mistakes and errors, including those related to correct legal procedure." *Cox v. Zimmerman*, 12th Dist. Clermont No. CA2011-03-022, 2012-Ohio-226, ¶ 21.

## Standard of Review for a Finding of Contempt

{¶ 7} "Disobedience to court orders may be punished by contempt." *Cottrell v. Cottrell*, 12th Dist. Warren No. CA2012-10-105, 2013-Ohio-2397, ¶ 11. To support a

---

1. Mother's previous pro se appeals to this court in *Sparks v. Sparks*, 12th Dist. Warren No. CA2010-10-096, 2011-Ohio-5746 and *Everbank Mtge. Co. v. Sparks*, 12th Dist. Warren No. CA2011-03-021, 2012-Ohio-886 also failed to articulate any specific assignments of error for review.

contempt finding, the moving party must establish by clear and convincing evidence that a valid court order exists, that the offending party had knowledge of the order, and that the offending party violated such order. *Hetterick v. Hetterick*, 12th Dist. Brown No. CA2012-02-002, 2013-Ohio-15, ¶ 35. In reviewing a trial court's finding of contempt, an appellate court will not reverse such a finding absent an abuse of discretion. *Grow v. Grow*, 12th Dist. Butler Nos. CA2010-08-209, CA2010-08-218, and CA2010-11-301, 2012-Ohio-1680, ¶ 73. An abuse of discretion means more than an error of judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## Motion to Continue

{¶ 8} Initially, although couched in a claim alleging a violation of her Sixth Amendment right to counsel, Mother argues the trial court erred by overruling her objections to the magistrate's decision denying her motion to continue since she had recently retained a new attorney who was unable to attend the hearing due to a scheduling conflict. However, despite being warned on two separate occasions not to wait until the last moment to secure counsel, Mother's motion was submitted a mere three days prior to when the hearing was scheduled to begin. Moreover, as the record firmly establishes, the magistrate had already granted Mother two continuances for issues regarding her apparent inability to retain counsel, the most recent of which explicitly stated "[n]o further continuances will be granted for Mother to secure counsel." As this court has repeatedly stated, we will not reverse the denial of a motion to continue absent an abuse of discretion. *Black v. Black*, 12th Dist. Clinton No. CA2008-06-022, 2009-Ohio-92, ¶ 11. We find no abuse of that discretion here. Therefore, Mother's first argument is without merit.

## Rebuttal Witnesses and Evidence

{¶ 9} Next, Mother argues the trial court erred by overruling her objections to the

magistrate's decision because the magistrate violated her right to due process by not allowing her to call witnesses or provide evidence to "prove her cause against [Father's] accusations." However, not only did Mother testify and explicitly deny that the children had been in contact with Ballard during her parenting time, the record plainly demonstrates the magistrate then asked Mother if there was any additional evidence she wished to provide in her defense, as well as if there was any other evidence she wanted to present in support of her own motion for contempt against Father. Although Mother now claims she had "witnesses waiting outside the courtroom ready to speak," Mother failed to call any of these witnesses to testify and, in fact, failed to provide any evidence at all. Nothing about this failure can be attributed to the magistrate. Therefore, Mother's second argument is without merit.

### Discovery and Admitted Exhibits

{¶ 10} Mother also argues the trial court erred by overruling her objections to the magistrate's decision since she never received a copy of the incident report outlining Ballard's alleged sexual abuse of her daughter, nor the letter finding her daughter's allegations of sexual abuse were substantiated. However, as the record reveals, Mother never raised any objection to any of the witness testimony related to these documents, nor did Mother object to the admission of these documents as exhibits. In addition, as it relates to Mother's claim that "[e]veryone knows that one must provide evidence to other counsel prior to the hearing," the fact that Mother herself never personally received a copy of either exhibit prior to the hearing is an issue better suited for her previous attorneys.[2] Therefore, Mother's third argument is without merit.

### Questioning of Witnesses

---

2. The record indicates Mother's first attorney withdrew due to a conflict of interest, whereas Mother fired her second attorney after approximately two weeks upon learning he had discussed the case with Father's counsel without her knowledge.

{¶ 11} Mother further argues the trial court erred by overruling her objections to the magistrate's decision since the magistrate prohibited her from cross-examining witnesses. This is simply not true. As the record clearly shows, the magistrate asked Mother directly if she had any questions for each and every witness who took the stand. Mother then questioned each of the witnesses, including her own daughter. The fact that the magistrate briefly interrupted Mother's questioning was simply to remind Mother that cross-examination is a time to ask questions of the witnesses, not to engage in arguments or be argumentative. Nothing about this was improper. Therefore, Mother's fourth argument is without merit.

### Undecided Issues for Contempt Against Father

{¶ 12} Mother next argues the trial court erred by overruling her objections to the magistrate's decision because the magistrate failed to rule on all of the issues raised in her motion for contempt against Father; namely, that Father failed to permit her reasonable telephone contact with the children, and that Father had not provided her with the children's progress reports or report cards. However, although neither the magistrate nor the trial court ruled on these issues, it is well-established that when a trial court fails to rule on a motion, this court will presume the motion was overruled. *Reynolds v. Reynolds*, 12th Dist. Butler No. CA94-08-162, 1995 WL 348437, *6 (June 12, 1995) (presuming trial court overruled motion for contempt when it failed to rule on the motion). This is particularly true here considering the record clearly indicates the children did not wish to have any telephone contact with Mother. Moreover, as it relates to Father's failure to provide Mother with the children's progress reports and report cards, we are unable to find any such requirement within the parties divorce decree. Regardless, even if there was such an obligation, the magistrate explicitly told Mother that she could simply request the children's progress reports and report cards from their school. Therefore, Mother's fifth argument is without merit.

### Sufficient Evidence for Contempt Against Mother

{¶ 13} Continuing, Mother argues the trial court erred by overruling her objections to the magistrate's decision since there was "no physical, biological evidence" that Ballard ever had contact with the children during her parenting time, thereby rendering the entire case "based solely upon hearsay." Mother's claim is incorrect and deeply concerning considering the direct and overwhelming evidence to the contrary. This includes direct testimony from her own daughter who explicitly testified Mother took her and her younger sister to Ballard's house more than twenty times, during which time Ballard sexually abused her on multiple occasions. The trial court clearly found this evidence to be credible, whereas Mother's own testimony denying that the children had any contact with Ballard during her parenting time was not. Therefore, Mother's sixth argument is without merit.

### Other Arguments

{¶ 14} Besides these arguments, Mother raises a variety of other challenges, suggestions, and vague innuendoes alleging a judicial bias and grand conspiracy against her. These arguments include, but are not limited to, Mother's allegations that each of the witnesses who testified at the hearing lied and committed blatant perjury, that her daughter's testimony was "coached" by the magistrate and opposing counsel, and that there are significant "gaps in the transcripts." After a thorough review of the record, we find these arguments are disingenuous, completely unfounded, and wholly without merit. Therefore, having found no merit to any of Mother's claims, all of Mother's various arguments are overruled and the trial court's decision finding Mother in contempt and suspending her parenting time is affirmed.

{¶ 15} Judgment affirmed.

M. POWELL, P.J., and RINGLAND, J., concur.