[Cite as *Havens v. Moore*, 2021-Ohio-3561.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


VERNON LEE HAVENS II,               :

       Appellant,                   :            CASE NO. CA2021-04-011

                                         :            O P I N I O N
   - vs -                                        10/4/2021

                                         :

JIM MOORE, et al.,                  :

       Appellees.                   :


CIVIL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CVH20180209


Vernon Lee Havens II, pro se.

Judkins & Hayes, LLC, and John W. Judkins, for appellee, Jim Moore.

Surdyk, Dowd & Turner Co., L.P.A., and Jeffrey C. Turner, Dawn M. Frick, and Benjamin J. Reeb, for appellee, Rick Garrison.

Reminger Co., L.P.A., and Patrick Kasson, for appellee, Clyde Fyffe.

Fishel Downey Albrecht & Riepenhoff LLP, and David A. Riepenhoff and Anthony J. Molnar, for appellees, Daniel Drake and Harold Skaggs.


       **PIPER, P.J.**

       {¶ 1} Appellant, Vernon Havens II, appeals the decision of the Fayette County

Court of Common Pleas granting summary judgment in favor of Jim Moore, Harold Skaggs,

Clyde Fyffe, Daniel Drake, and Rick Garrison.  For the reasons detailed below, we affirm the trial court's decision.

{¶ 2}   The instant action, involving many of the same operative facts, is separate from another matter this court has previously considered.  *See Havens v. Union Twp.*, 12th Dist. Fayette No. CA2018-10-020, 2019-Ohio-1401.  In 2013, Havens moved to 1238 State Route 38 in Union Township, Fayette County, Ohio and began raising chickens, ducks, and geese.

{¶ 3}   Havens' neighbors, Jim and Beverly Moore, own the land that abuts Havens' property. Since 1990, Jim has operated an automobile towing and storage business on his land.[1]  The record reflects that Jim and Beverly initially allowed Havens' poultry to graze on their land, but decided otherwise after a goose attacked Beverly.

{¶ 4}   Around that time, Havens began complaining to the local authorities about zoning violations occurring on the Moores' property.  Among other concerns, Havens alleged that the Moores were operating an unpermitted junkyard.  However, following an inspection, the Union Township Zoning Official, Harold Skaggs, determined that the Moores' property was not in violation of the local zoning resolution.

{¶ 5}   As relevant here, Havens has struggled to contain the poultry on his property. The poultry have been observed grazing on neighboring properties and crossing nearby roads.  Havens has since received multiple notifications advising him to contain the poultry on his property.  These notifications include: a September 24, 2014, letter from Skaggs, the Union Township Zoning Official; an August 8, 2016 letter from Fyffe, a Union Township Board of Trustee; and a September 27, 2016 letter from Drake, an Assistant Prosecutor.

{¶ 6}   On February 21, 2018, Havens filed a complaint with the Fayette County

---

1. Brenda Mossberger, Fayette County Auditor, provided an affidavit averring that Jim has a valid motor vehicle towing license dated August 1, 2003, and is authorized to operate a junk yard.

Health Department alleging that Moore was operating an "illegal dump & junkyard with decaying autos & debris harboring vermin." Upon examination, Rick Garrison, the Director of Environmental Health for the Fayette County Health District, found no health code violations upon the Moores' property. Instead, Garrison opined that the vermin were likely attracted to the noise and odor of Havens' poultry.

{¶ 7} On July 20, 2018, Havens filed the instant action against Moore, Skaggs, Fyffe, Drake, and Garrison in their individual capacities. The complaint generally alleges that Moore is operating an illegal junkyard on his land. The complaint then states that Skaggs, Fyffe, Garrison, and Drake, have failed to enforce the law to abate the illegal junkyard. Havens maintains that the defendants have conspired and engaged in a course of harassment in an effort to coerce him to cease complaining. Havens alleges that the defendants are guilty of nonfeasance, misfeasance, and malfeasance.

{¶ 8} The defendants moved for summary judgment, to which Havens did not timely respond. On January 26, 2021, the trial court granted summary judgment in favor of the defendants on the basis of res judicata, collateral estoppel, and political subdivision immunity and directed the defendants to prepare a final judgment entry. On February 5, 2021, Havens filed an out-of-time memorandum in opposition to summary judgment. On March 12, 2021, the trial court journalized its memorandum decision and issued a final judgment entry. Havens now appeals, raising seven assignments of error for review.

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT ERRONEOUSLY GRANTED SUMMARY JUDGEMENT PREMATURELY, AND FRIVOLOUSLY (sic)

{¶ 11} Assignment of Error No. 2:

{¶ 12} THE TRIAL COURT ERRED IN CONCLUDING THAT THE MOTIONS WERE RIPE

{¶ 13} Assignment of Error No. 3:

{¶ 14} THE TRIAL COURT ERRED IN NOT REVIEWING ALL THAT RULE 56(C) REQUIRES

{¶ 15} Assignment of Error No. 4:

{¶ 16} THE TRIAL COURT ERRED IN NOT COMPLYING WITH O.J.C. RULE 2.11(A)

{¶ 17} Assignment of Error No. 5:

{¶ 18} THE TRIAL COURT ERRONEOUSLY APPLIED STATUTORY IMMUNITY, RES JUDICATA, & COLLATERAL ESTOPPEL TO JIM MOORE

{¶ 19} Assignment of Error No. 6:

{¶ 20} THE TRIAL COURT ERRONEOUSLY APPLIED RES JUDICATA AND COLLATERAL ESTOPPEL FOR MULTIPLE REASONS

{¶ 21} Assignment of Error No. 7:

{¶ 22} THE TRIAL COURT ERRONEOUSLY GRANTED SUMMARY JUDGEMENT ON RULE 8(D) ADMISSIONS TO, OR, STILL DISPUTED, DETERMINANT & DISPOSITIVE ISSUES WHICH PRECLUDE STATUTORY IMMUNITY (sic)

{¶ 23} Because we find the trial court appropriately granted summary judgment in favor of the defendants, we will address Havens' assignments of error together.  In addressing Havens' arguments, we are mindful that he has represented himself throughout this process.  However, pro se litigants are held to the same standard as litigants who are represented by counsel.  *Holmes v. Cobblestone Grove,* 12th Dist. Butler No. CA2016-04-075, 2017-Ohio-55, ¶ 21.  As a result, pro se litigants are presumed to have knowledge of the law and correct legal procedures so that they remain subject to the same rules and procedures to which represented litigants are bound.  *Sparks v. Sparks*, 12th Dist. Warren No. CA2015-10-095, 2016-Ohio-2896, ¶ 6.  In other words, "[p]ro se litigants are not to be

accorded greater rights and must accept the results of their own mistakes and errors, including those related to correct legal procedure." *Cox v. Zimmerman*, 12th Dist. Clermont No. CA2011-03-022, 2012-Ohio-226, ¶ 21.

{¶ 24} This court reviews summary judgment decisions de novo, which means we review the trial court's judgment independently and without deference to the trial court's determinations, using the same standard in our review that the trial court should have employed. *Ludwigsen v. Lakeside Plaza, L.L.C.*, 12th Dist. Madison No. CA2014-03-008, 2014-Ohio-5493, ¶ 8. Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds to a conclusion which is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-70 (1998).

{¶ 25} The moving party bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of a genuine issue of material fact. *Robinson v. Cameron*, 12th Dist. Butler No. CA2014-09-191, 2015-Ohio-1486, ¶ 9. Once this burden is met, the nonmoving party has a reciprocal burden to set forth specific facts showing there is some genuine issue of material fact yet remaining for the trier of fact to resolve. *Id*. In determining whether a genuine issue of material fact exists, the evidence must be construed in favor of the nonmoving party. *Vanderbilt v. Pier 27, L.L.C.*, 12th Dist. Butler No. CA2013-02-029, 2013-Ohio-5205, ¶ 8.

{¶ 26} We have thoroughly reviewed the record and find the trial court did not err by granting summary judgment in favor of the defendants. Havens raises claims for tortious (sic); regulatory nonfeasance, malfeasance, contractual interference, harassment, and injury. However, Havens fails to set forth any cognizable claim for relief under Ohio law. The record reveals that Havens harbors a grievance against his neighbors, the Moores, and

has decided to pursue legal action based upon vague and conclusory allegations concerning their property. The various officials and employees, Skaggs, Fyffe, Drake, and Garrison are entitled to immunity under R.C. Chapter 2744 as they were performing governmental actions and none of the exceptions to immunity apply. Moore is not entitled to governmental immunity but is not liable under any cognizable claim raised by Havens. There is no contract between Havens or the Moores concerning any issue of relevance in this case, nor does Havens set forth any coherent theory of liability against the Moores. We find, based on the evidence presented, that the defendants met their initial burden of demonstrating the absence of a genuine issue of material fact and Havens failed in his reciprocal burden of setting forth specific facts showing there is some genuine issue of material fact yet to be resolved.[2] Accordingly, we find the trial court did not err in granting summary judgment in favor of the defendants. Havens' seven assignments of error are without merit and are hereby overruled.

{¶ 27} Judgment affirmed.

M. POWELL and BYRNE, JJ., concur.

---

2. We note that Havens devotes a portion of his appellate brief to the concept of removal to federal court. However, it is well established that a plaintiff in an action filed in state court cannot remove a case to federal court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106-109, 61 S. Ct. 868 (1941); *Home Depot U.S.A., Inc. v. Jackson*, ___U.S.___, 139 S.Ct. 1743, 1744 (2019). Havens has filed similar federal claims seeking the disqualification of Ohio Supreme Court Chief Justice Maureen O'Connor and Fayette County Court of Common Pleas Judge Steven Beathard where his arguments concerning removal have been soundly rejected. *Havens v. O'Connor*, 6th Cir. No. 19-3475, 2019 U.S. App. LEXIS 32546, at *1 (Oct. 29, 2019).